IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>   Petitioner,   )<br>   )<br>v.   )<br>   )<br>WILLIAM J. BENSON,   )<br>   )<br>   Respondent.   )<br>_____)  | FILED: AUG 25, 2008<br>Case No. 08CV4855<br><br>JUDGE COAR<br>MAGISTRATE JUDGE SCHENKIER<br>RCC |

**PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS**

The United States of America petitions this Court to enforce the Internal Revenue Service summons issued to the respondent, William J. Benson, on February 14, 2008. In support of this petition, the United States of America states:

1.  This proceeding is brought pursuant to section 7401 of the Internal Revenue Code (26 U.S.C.) ("IRC"), with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General.

2.  This Court has jurisdiction to enforce the IRS summons issued to the respondent under IRC §§ 7402(b) and 7604(a) and 28 U.S.C. §§ 1340 and 1345.

3.  Venue is proper in this District because the respondent resides in South Holland, Illinois, within the Northern District of Illinois.

4.  Joseph P. Conroy is a duly commissioned revenue agent of the IRS in the Small Business/Self-Employed Division with post of duty in Merrillville, Indiana.

545.1

5. Agent Conroy is authorized to issue IRS summonses under IRC §§ 7602 and 7608, 26 C.F.R. § 301.7602-1 and IRS Delegation Order No. 4 (as revised).

6. The IRS is conducting an investigation into the liability of the respondent, William J. Benson, for penalties under IRC 6700 in connection with his promotion of the "Reliance Defense Package," a plan or arrangement that is designed to help his customers violate the internal revenue laws by providing them with a purported legal defense against actions taken by the IRS for their failure to file federal income tax returns or pay federal taxes.

7. In furtherance of this investigation and in accordance with IRC § 7602, on February 14, 2008, Agent Conroy issued an administrative summons (IRS Form 2039) to William J. Benson directing him to appear before Conroy on February 29, 2008, and give testimony and produce for examination certain books, records, papers and other data described in the summons.

8. This summons was personally served on William J. Benson by Agent Conroy at Benson's last and usual place of abode on February 14, 2008.

9. William J. Benson failed to appear before Agent Conroy or any other IRS Agent on February 29, 2008, pursuant to the summons served on him and has failed to produce for examination the books, records, papers and other data demanded in the summons. Benson's failure to appear before the IRS and to produce the summoned materials continues to this date.

10. By letter dated February 28, 2008, William J. Benson's attorney, Jeffrey A. Dickstein, advised Agent Conroy that Benson would not comply with the IRS summons that was served upon him on February 14, 2008.

11. The testimony, books, records, papers, and other data demanded in the summons issued to Benson (Exhibit 1 to this petition) are not already in the possession of the IRS.

12. It is necessary to obtain the testimony and to examine the material sought by the summons in order to properly investigate and determine the liability of the respondent, William J. Benson, for the penalty imposed by IRC § 6700 with respect to his organization and promotion of abusive tax shelters, including (but not limited to) respondent's "Reliance Defense Package."

13. All administrative steps required by the Internal Revenue Code for the issuance of the summons have been followed.

14. No Justice Department referral, as defined in IRC § 7602(d)(2), is in effect with respect to William J. Benson.

15. In order to obtain enforcement of a summons, the United States must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code.[1]  "The assertions by affidavit of a valid civil purpose are adequate to show a *prima facie* case that would support the issuance of a show cause order."[2]

16. In further support of this petition, the United States of America submits the Declaration of Revenue Agent Joseph P. Conroy as Exhibit 1.

WHEREFORE, the United States of America, petitioner, respectfully requests that:

A. This Court enter an order directing the respondent, William J. Benson, to show cause, if any, why he should not comply with and obey the summons served upon him on February 14, 2008, and each and every requirement thereof;

---

[1] *United States v. Powell,* 379 U.S. 48, 57-58 (1964).

[2] *United States v. Kis,* 658 F.2d 526, 537 (7th Cir. 1981).

　　B.  This Court enter an order directing the respondent, William J. Benson, to obey the IRS summons served upon him on February 14, 2008, and each and every requirement thereof, at such time and place as shall be fixed by the Court;

　　C.  The United States, petitioner, recover its costs and expenses incurred in bringing this action; and

　　D.  This Court grant such other and further relief as is just and proper.

Dated this  25st day of August, 2008.

　　　　　　　　　　　　　　　　　　PATRICK J. FITZGERALD
　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　 /s/ *Robert D. Metcalfe*
　　　　　　　　　　　　　　　　　　ROBERT D. METCALFE
　　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　P.O. Box 7238
　　　　　　　　　　　　　　　　　　Ben Franklin Station
　　　　　　　　　　　　　　　　　　Washington, D.C.  20044
　　　　　　　　　　　　　　　　　　Telephone: (202) 307-6525
　　　　　　　　　　　　　　　　　　Facsimile:  (202) 514-6770
　　　　　　　　　　　　　　　　　　Robert.D.Metcalfe@usdoj.gov

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　　United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GOVERNMENT EXHIBIT 1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| WILLIAM J. BENSON, ) | |
| ) | |
| Respondent. ) | |

### DECLARATION OF REVENUE AGENT JOSEPH P. CONROY

I, JOSEPH P. CONROY, declare that:

1. I am a duly commissioned revenue agent employed by the Internal Revenue Service in the Small Business/Self-Employed Division, Midwest Area, with post of duty in Merrillville, Indiana. In accordance with section 7602 of the Internal Revenue Code (26 U.S.C.) ("IRC"), 26 C.F.R. § 301.7602-1, 26 C.F.R. § 301.7602-1T, and Internal Revenue Service Delegation Order No. 4 (as revised), I am authorized to issue IRS administrative summonses.

2. This Declaration is executed in support of the petition of the United States of America for the judicial enforcement of the IRS administrative subpoena that was issued to the respondent, William J. Benson ("Benson"), on February 14, 2008.

3. I have personal knowledge of the facts set forth in this Declaration, and, if called upon to testify to said facts, could do so competently.

4. I am conducting an investigation into Benson's potential liability for penalties under IRC § 6700 in connection with Benson's organization, promotion and sale of his

"Reliance Defense Package," "16th Amendment Reliance Defense Package" and/or any substantially similar program or arrangement.

5. In furtherance of my investigation, I issued an administrative summons (Form 2039) ("the summons") to Benson on February 14, 2008, which sought testimony as well as the books, papers, records and other data demanded in Attachment A to the summons. A true and correct copy of the summons issued to Benson on February 14, 2008, is attached to this Declaration as Exhibit 1. In accordance with IRC § 7603, the summons was personally served on Benson by handing him an attested copy of the summons (with Attachment A thereto) at his last and usual place of abode in South Holland, Illinois.

6. The return date of the summons was February 29, 2008, at 9:00 a.m. at the offices of the Internal Revenue Service, 233 East 84th Drive, Floor 3, Merrillville, Indiana.

7. On February 29, 2008, I received a letter dated February 28, 2008, from attorney Jeffrey A. Dickstein (Dickstein) which referenced Benson and purported to respond to the IRS administrative summons issued to Benson on February 14, 2008. A true and correct copy of the letter dated February 28, 2008, from Dickstein ("the letter") is attached to this Declaration as Exhibit 2.

8. The first, second and third paragraphs of the letter (Exhibit 2 to this Declaration) state as follows:

> As you know, I am the attorney for William J. Benson in all matters pertaining to the United States complaint against him for alleged violation of 26 U.S.C. § 6700, in the case of United States v. William J. Benson, Case No. 1:04-cv-07403 in the United States District Court for the Northern District of Illinois, the identical matter to which the above referenced IRS administrative summons pertains. This letter will serve as Mr. Benson's response to the summons calling for the production of documents and a list.

3526011.1

> Mr. Benson, upon advice of counsel, exercises his right under the Fifth Amendment to the Constitution of the United States, and therefore, neither admits nor denies that he has any documents or list responsive to the summons.
>
> Mr. Benson, furthermore, upon advice of counsel, claims that even if such documents or list exists, which he neither admits nor denies, the same is privileged from compelled disclosure under the First Amendment to the Constitution of the United States.

9. Benson failed to appear before me or any other IRS Agent on February 29, 2008, pursuant to the summons served on him, and has failed to produce for examination the books, records, papers and other data demanded in the summons issued to him on February 14, 2008.

10. As of the date of this Declaration, none of the testimony, books, papers, records or other data demanded by the summons and Attachment A thereto (Exhibit 1 to this Declaration) have been provided to the Internal Revenue Service.

11. The summoned books, records, papers and other data are necessary to a determination of, and will shed light upon, Benson's liability for the IRC § 6700 penalty.

12. As of the date of this Declaration, no Justice Department referral, as defined in IRC § 7602(d)(2), is in effect with respect to Benson.

13. All administrative steps required for the issuance of the IRS summons to Benson have been followed in this case.

3526011.1

## CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 20, 2008.

                                                 JOSEPH P. CONROY
                                                 Internal Revenue Agent

3526011.1



# Summons

In the matter of  the liability of William J. Benson for penalties under IRC Sec. 6700.
Internal Revenue Service (Division):  Small Business Self-Employed
Industry/Area (name or number):  Midwest Area
Periods: For the periods ending December 31, 2000 to present

### The Commissioner of Internal Revenue

**To:** William J. Benson

**At:** 1128 East 160th Place, South Holland, Illinois 60473

You are hereby summoned and required to appear before  Joseph Conroy, Revenue Agent 36-09434 or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attachment A to Summons.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**
Internal Revenue Service 233 East 84th Drive, Floor 3, Merrillville, Indiana 46410 219-736-4333

**Place and time for appearance at** 233 East 84th Drive, Floor 3, Merrillville, Indiana 46410

Personal appearance is not required. Response by mail is required.

**IRS** on the ___29th___ day of __February__, __2008__ at __9__ o'clock __A__ m.
Issued under authority of the Internal Revenue Code this __14th__ day of __February__, __2008__.

Department of the Treasury
Internal Revenue Service                                                                    Revenue Agent
www.irs.gov       _Signature of issuing officer_                                            Title
                                                                                            Group Manager
Form 2039 (Rev. 12-2001)   Signature of approving officer *(if applicable)*                 Title
Catalog Number 21405J
                                                                          **Original — to be kept by IRS**

**DECLARATION EXHIBIT 1**



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| 2-14-08 | 1:30 PM |

**How Summons Was Served**

1. ☑ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): _____

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____
1128 East 160th Place, South Holland, Illinois 60473

| Signature | Title |
|---|---|
| [signed] | Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: 2-14-08    Time: 1:30 PM

Name of Noticee: William Benson

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☑ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| [signed] | Revenue Agent |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| [signed] | Revenue Agent |

Form **2039** (Rev. 12-2001)

In the matter of the liability of William J. Benson for penalties under IRC Sec. 6700.

Date   2-14-08

## ATTACHMENT A

1) Please provide all documents that identify the names, social security numbers, addresses, telephone numbers or email addresses of any person that purchased or obtained a promotion from you during any part of the period from January 1, 2001 through January 17, 2008.

2) Please provide a list which identifies the names and addresses of all persons that engaged in any activity to promote, advertise, solicit, sell, facilitate or market the promotion to any person for or on behalf of you.

<u>Definitions</u>

As a guide to your compliance, as used herein:

A. The term "person" includes an individual, trust, estate, partnership, association, company or corporation;
B. The term "documents" is used in a comprehensive sense and includes, without limitation, letters, messages, correspondence, facsimiles, electronic mail, instant messages, licenses, agreements, assignments, intra-corporate and inter-corporate communications, reports, presentations, memoranda, minutes, bulletins, circulars, instructions, work assignments, working papers, notebooks, photographs, prints, drafts, worksheets, summaries, studies, labels, packages, product inserts, fact sheets, advertisements, catalogs, invoices, signs, corporate records, notices, bills, logs, diaries, calendars, announcements, press releases, notices of meetings, agendas, attendance lists, contracts, leases, news clippings, publications, handwritten notes, telegrams, telexes, brochures, books, manuals, marketing and/or other promotional materials, sales and/or training materials, charts, graphs, surveys, legal opinion letters, auditor's reports or statements, plan "documents", adoption and/or joinder agreements, side agreements, actuarial reports or statements, financial projections, and other writings, of any nature, in your possession, custody or control, unless otherwise stated in the request. The term "documents" also includes copies of mechanical, electronic, or photocopy reproduction of any or all of the foregoing items, and where such latter items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original "documents". The term "documents" also includes all non-paper versions of the foregoing items such as video and/or tapes, cassettes, films, microfilm, microfiche, computer discs, and software programs;
C. The term "you" includes any business or entity owned or controlled by you, including the employees, agents, or staff thereof;
D. The term "Promotion" means the "Reliance Defense Package" and/or "The 16th Amendment Reliance Package" and/or any program or arrangement that is the same as, or substantially similar to, the "Reliance Defense Package" or "The 16th Amendment Reliance Package;"
E. The term "Promotion" also includes any program, plan, or arrangement wherein

In the matter of the liability of William J. Benson for penalties under IRC Sec. 6700.
Date   2-14-08

William J. Benson or any controlled affiliate thereof, has provided services pursuant to an agreement, whether written or oral, in relation to a promotion, as defined above. These services include any service provided in order to facilitate the execution of any action or transaction for any client of William J. Benson or any controlled affiliate thereof, or the client of any other unrelated individual or entity.

**Jeffrey A. Dickstein**
**Attorney at Law**
**500 W. Bradley Rd., C-208**
**Fox Point, WI 53217**
**414-446-4264**

February 28, 2008

Revenue Agent Joseph Conroy
233 East 84th Drive, Floor 3
Merrillville, IN 46410

Received - IRS
SBSE Compliance

FEB 2 9 2008

Merrillville, IN

    Re:    William J. Benson
           Response to Administrative Summons Dated Februrary 14, 2008
           Date of Requested Production: February 29, 2008

Dear Mr. Conroy:

As you know, I am the attorney for William J. Benson in all matters pertaining to the United States complaint against him for alleged violation of 26 U.S.C. § 6700, in the case of United States v. William J. Benson, Case No. 1:04-cv-07403 in the United States District Court for the the Northern District of Illinois, the identical matter to which the above referenced IRS administrative summons pertains. This letter will serve as Mr. Benson's response to the summons calling for the production of documents and a list.

Mr. Benson, upon advice of counsel, exercises his right under the Fifth Amendment to the Constitution of the United States, and therefore, neither admits nor denies that he has any documents or list responsive to the summons.

Mr. Benson, furthermore, upon advice of counsel, claims that even if such documents or list exists, which he neither admits nor denies, the same is privileged from compelled disclosure under the First Amendment to the Constitution of the United States.

You are also aware that I am the attorney for John Doe I, John Doe II and Jane Roe who moved to intervene in the Section 6700 action and filed a motion for a protective order. On behalf of them, they also claim the production of anything that would identify them is protected under the First Amendment to the Constitution of the United States.

DECLARATION EXHIBIT 2

This letter, being fully responsive to your summons will, I trust, fully settle this matter.

Thank you.

Sincerely,

Jeffrey A. Dickstein